UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT A. DIEHL,

                                              Plaintiff,        Case # 18-CV-1273-FPG

v.                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

On March 27, 2015, Plaintiff Robert A. Diehl protectively applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Tr.[1] 159-76. After the Social Security Administration ("SSA") denied his claim, Diehl testified at a hearing before Administrative Law Judge Brian Battles ("the ALJ"). Tr. 26-66. On January 8, 2018, the ALJ issued an unfavorable decision. Tr. 15-22. After the Appeals Council denied his request for review, Diehl appealed to this Court.[2] Tr. 1-6; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Diehl's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

In conducting the requisite five-step analysis,[3] the ALJ determined that Diehl has two severe impairments—diabetes with neuropathy and osteoarthritis of the left knee—and three nonsevere impairments—obesity, hypertension, and high cholesterol.[4] Tr. 17-18. The ALJ found that Diehl retains the residual functional capacity ("RFC")[5] to perform medium work, which requires lifting up to 50 pounds at a time with frequent lifting or carrying of up to 25 pounds. Tr. 18; *see* 20 C.F.R. §§ 404.1567(c), 416.967(c). He also found that Diehl can frequently balance, stoop, kneel, crouch, and crawl and occasionally climb ramps, stairs, ladders, ropes, and scaffolds. Tr. 18-19. Diehl argues that remand is required because the ALJ determined his RFC without a medical opinion to guide his analysis. ECF No. 9-1 at 10-14. The Court agrees.

A claimant's RFC does not have to "perfectly correspond" with a medical source's opinion; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s

---

[3] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[4] A severe impairment "significantly limits the claimant's ability to do basic work activities" and a nonsevere impairment will "only minimally affect the claimant's ability to work." *Thompson v. Comm'r of Soc. Sec.*, No. 18-CV-167-FPG, 2019 WL 4016167, at *2 (W.D.N.Y. Aug. 26, 2019).

[5] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But an ALJ cannot "play doctor" by substituting his own judgment for competent medical opinion, and therefore "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").

Where the administrative record does not contain a medical source opinion about the claimant's functional limitations, an ALJ is generally required to "recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing" to fully develop the record. *Wilson*, 2015 WL 1003933, at *22; *see also Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (noting that "[t]he ALJ has an affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding"). But where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (brackets, quotation mark, and citations omitted) (summary order).

In his decision, the ALJ summarized Diehl's hearing testimony and briefly described about three years' worth of treatment notes but provided no substantive analysis to explain his RFC findings. Tr. 19-20. The treatment notes that the ALJ refers to contain only raw medical data and do not illuminate Diehl's ability to perform work-related activities. It is unclear to the Court how this evidence supports the RFC determination because the ALJ did not tie that evidence to his

3

conclusions. Instead, after acknowledging that the record lacked a medical opinion, he merely concluded that "the objective medical evidence" supports the determination that Diehl can perform a reduced range of medium work. Tr. 20.

The record contains only treatment notes and Diehl's own description of his restrictions. In light of the small amount of evidence available to illuminate the nature and severity of Diehl's impairments and how they affect his ability to work or any meaningful explanation to support the RFC determination, the Court remands this case for further proceedings and directs the ALJ to obtain a medical source opinion. *See Cole v. Colvin*, No. 6:14-cv-6677(MAT), 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) (remanding where "the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work"); *Lilley v. Berryhill*, 307 F. Supp. 3d 157, 160 (W.D.N.Y. 2018) (remanding where "the record lack[ed] a useful medical opinion by any treating or examining source that addresses whether and to what extent plaintiff's mental impairments impact her ability to perform work-related functions" and indicating that "the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician"). Because the Court has determined that remand is required, it does not reach Diehl's remaining argument.

**CONCLUSION**

Diehl's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court